IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

**v.**                                 **No. CIV 09-0315 LH/LAM**
                                           **CR 06-2263 LH**

**OSCAR PROVENCIO-SANDOVAL,**

       **Defendant/Movant.**

## ORDER DENYING WITHOUT PREJUDICE GOVERNMENT'S MOTION FOR A COURT ORDER THAT DEFENDANT/MOVANT WAIVED THE ATTORNEY-CLIENT PRIVILEGE

**THIS MATTER** is before the Court on the *Government's Motion for a Court Order That Finds Petitioner Waived the Attorney-Client Privilege Through the Claims Raised in Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255* (*Doc. 12*) (hereinafter "*Motion*"), filed on April 27, 2009.  Defendant/Movant has not filed a response to this motion, and the time for doing so has passed.  Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the *Motion* is **DENIED without prejudice**.

Plaintiff/Respondent states that by claiming ineffective assistance of counsel in Defendant/Movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*, Defendant/Movant has waived the attorney-client privilege for information relating to his claims of ineffective assistance of counsel.  Plaintiff/Respondent asks the Court to enter an order finding that such waiver has occurred, and states that such an order "will facilitate a more forthcoming, complete and detailed response to the allegations by former defense counsel, which may preclude the need for an evidentiary hearing."  *Motion (Doc. 12)* at 1.

Plaintiff/Respondent further states that it "will request defense counsel to respond to Petitioner's allegations through an affidavit and to provide supporting documents," and it will "incorporate counsel's response into its Answer." *Id.* at 2.  Plaintiff/Respondent states that Defendant/Movant's counsel "*may* be reluctant to divulge those confidences," and that he "*may* be [reluctant] to expose a previous client's communications and be forthcoming on the facts surrounding the allegations." *Id.* at 2 (emphasis added).

The Court does not believe that an order finding that Defendant/Movant has waived his attorney-client privilege is necessary at this time.  Plaintiff/Respondent does not state that Defendant/Movant's counsel refuses to be forthcoming or provide complete and detailed responses in his affidavit, or that he refuses to provide documents that Plaintiff/Respondent needs for its Answer.  Instead, Plaintiff/Respondent's *Motion* is based on speculation of what Defendant/Movant's counsel *may* do when asked to provide an affidavit and documents.  The Court, therefore, finds that Plaintiff/Respondent's motion is premature and should be denied at this time.  If Plaintiff/Respondent finds it necessary to re-file the motion in the future because Defendant/Movant's counsel is not forthcoming with information, then Plaintiff/Respondent may do so at that time and provide sufficient evidence that Defendant/Movant's counsel is refusing to provide information without a court order.

**IT IS THEREFORE ORDERED** that the *Government's Motion for a Court Order That Finds Petitioner Waived the Attorney-Client Privilege Through the Claims Raised in Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255* (*Doc. 12*) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**